Camille M. Arnold, NY Bar No. 2505907
(carnold@cftc.gov)
Brigitte C. Weyls, IL ARDC No. 6278696
(bweyls@cftc.gov)
Susan J. Gradman, IL ARDC No. 6225060
(sgradman@cftc.gov)
United States Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0524 (Arnold)
Telephone: (312) 596-0547 (Weyls)
Telephone: (312) 596-0523 (Gradman)
Facsimile: (312) 596-0714

FILED
CLERK, U.S. DISTRICT COURT
JUN 14 2010
CENTRAL DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

Kent Kawakami, CA Bar No. 149803
(kent.kawakami@usdoj.gov)
Assistant United States Attorney
United States Attorney's Office
Central District of California - Civil Division
300 North Los Angeles Street Room 7516
Los Angeles, CA 90012
Telephone: (213) 894-4858
Facsimile: (213) 894-2380
Local Counsel

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **United States Commodity Futures Trading Commission,**<br>**Plaintiff,**<br>**vs.**<br><br>**New Golden Investment Group, LLC a.k.a, NGI Group, LLC, a.k.a., New Golden Management, a.k.a., New Golden Entertainment, LLC, a.k.a.** | **Case No: CV 10-03834 ODW (FMO)**<br>**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST RUBEN GONZALEZ AND NEW** |

| | | |
|---|---|---|
| **Grupo NGI International, Inc., a.k.a., NGI Group International, Inc., Ruben Gonzalez, and Jose C. Naranjo, Defendants.** | ) ) ) ) ) )) | **GOLDEN INVESTMENT GROUP, LLC** <br> Time: <br> Date: June____, 2010 |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST RUBEN GONZALEZ AND NEW GOLDEN INVESTMENT GROUP, LLC**

On May 20, 2010, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against defendants New Golden Investment Group, LLC, a.k.a, NGI Group, LLC, a.k.a., New Golden Management, a.k.a., New Golden Entertainment, LLC, a.k.a. Grupo NGI International, Inc., a.k.a., NGI Group International, Inc. (collectively, "NGI"), Ruben Gonzalez ("Gonzalez"), and Jose C. Naranjo (collectively "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), § 13102, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq*.

This matter comes before the Court on the Plaintiff's Motion for a Preliminary Injunction. On May 21, 2010, this Court entered a statutory restraining order ("SRO") against Defendants and a rule to show cause order as to

why a preliminary injunction should not issue against Defendants, and set the matter for hearing on June 14, 2010.

Gonzalez and NGI, without admitting or denying the allegations of the Commission's Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that the consent is entered voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent or representative thereof, to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and defendants, Gonzalez and NGI, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(e), in that Gonzalez and NGI are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have

occurred, are occurring, or are about to occur within this district, among other places.

3. Gonzalez and NGI waive the entry of findings of fact and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

4. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

6. "Gonzalez" shall mean Ruben Gonzalez, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Gonzalez, and any person who receives actual notice of this Order by personal service or otherwise, including facsimile, insofar as he or she is acting in concert or participation with Gonzalez.

7. "NGI" shall mean New Golden Investment Group, LLC, a.k.a, NGI Group, LLC, a.k.a., New Golden Management, a.k.a., New Golden Entertainment, LLC, a.k.a. Grupo NGI International, Inc., a.k.a., NGI Group International, Inc., and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of NGI, and any person who receives actual notice of this Order by personal service or otherwise, including facsimile, insofar as he or she is acting in concert or participation with NGI.

## II. RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

8. Gonzalez and NGI are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly violating Sections 4b(a)(1)(A) and (C) of the Act, as amended by the CRA, §§ 13101-13204, 122 Stat. 1651, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) and (C).

9. Gonzalez and NGI are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

B. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009).

***MAINTAIN ASSET FREEZE***

**IT IS FURTHER ORDERED THAT:**

10. Gonzalez and NGI are restrained, prohibited and enjoined, until further order of this Court, from directly or indirectly dissipating, withdrawing, removing, transferring, concealing or disposing of any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of Gonzalez or NGI, including, but not limited to, all funds, personal property, money or securities held in Gonzalez's name or NGI's name, jointly or individually, whether held or maintained in safety deposit boxes, and including all funds on deposit in any financial or brokerage institution, futures commission merchant ("FCM"), Forex dealer, bank or savings and loan account held by, under the actual or constructive control, or in the name of Gonzalez or NGI, jointly or individually, funds or property of NGI's investors, wherever located, whether held in the name of the Gonzalez or NGI, jointly or individually, or any other entity owned or controlled by Gonzalez or NGI, and the assets

affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Consent Order;

11. Pending further Order of this Court, any bank, financial or brokerage institution, business entity, FCM, Forex dealer or person that holds, controls, or maintains custody of any funds, assets or other property of Gonzalez or NGI, or has held, controlled, or maintained custody of any funds, assets or other property of Gonzalez or NGI, and who receives notice of this Order by personal service or otherwise, including facsimile, shall:

A. Prohibit Gonzalez and NGI and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

B. Deny Gonzalez and NGI, and all other persons access to any safe deposit box that is:

1. titled in the name of Gonzalez or NGI, either individually or jointly; or

2. otherwise subject to access by Gonzalez or any other person on behalf of NGI; and

C. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Gonzalez's and NGI's accounts.

12. It is further ordered that Gonzalez and NGI shall immediately take all steps within their power to repatriate all funds, assets and property held by, under

the control of, or in the name of Gonzalez and NGI, whether held jointly or otherwise, outside the United States, including but not limited to all funds on deposit in any banks, brokerage houses or other financial institutions, by paying them to the Clerk of Court or as otherwise ordered by the Court, for further disposition in this case.

## ***REQUIRED ACCOUNTING***



13. Gonzalez and NGI shall prepare, sign and file with the Court, within 30 days of the date of this Order, a complete and accurate accounting for the period of August 1, 2008, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. the names and last known addresses, phone numbers, and e-mail addresses of all of NGI's customers;

B. all funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Gonzalez and NGI;

C. all funds, securities, commodity interests, assets and other property received directly or indirectly by Gonzalez and NGI, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

D. all funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Gonzalez and NGI describing the source, amount, disposition, and current location of each listed item, including

~~accounts or assets of Gonzalez and NGI held by financial institutions located outside the territorial United States; and~~

E. ~~the name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Gonzalez and NGI, either individually or jointly.~~

***PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS***

**IT IS FURTHER ORDERED THAT:**

14. Gonzalez and NGI are restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Gonzalez or NGI, wherever located, including all such records concerning Gonzalez's and NGI's business operations.

***ACCESS TO AND INSPECTION OF BOOKS AND RECORDS***

**IT IS FURTHER ORDERED THAT:**

15. Gonzalez and NGI shall permit representatives of the Plaintiff Commission to immediately inspect the books, records and other electronically stored data, tape recordings, and other documents of Gonzalez and NGI and their agents, including all such records of Gonzalez's and NGI's business operations, wherever they are situated and whether they are in the possession of Gonzalez,

NGI or others, and to copy said documents, data, and records either on or off the premises where they may be situated.

16. Gonzalez and NGI are prohibited from directly or indirectly refusing to make available for inspection by the Commission, when as requested, any books, records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Gonzalez or NGI wherever located, including, but not limited to, all such records of Gonzalez's and NGI's business operations.

17. The injunctive provisions of this Order shall be binding on Gonzalez and NGI, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee, successor, assign or attorney of Gonzalez and NGI, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Gonzalez and NGI.

## III. STAY

**IT IS FURTHER ORDERED** that except by leave of the Court, Gonzalez, and NGI, and all other persons and entities, be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf

of, or in the name of Gonzalez and NGI, including but not limited to, the following actions:

A. commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Gonzalez or NGI or any property claimed by Gonzalez or NGI, or attempting to foreclose, forfeit, alter or terminate any of Gonzalez's or NGI's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Gonzalez or NGI; and

D. doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of Gonzalez or NGI. This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## IV. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED** that pending further Order of this Court, any bank, FCM, Forex dealer, financial or brokerage institution, business entity, or

person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Gonzalez and NGI, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Gonzalez and NGI, at any time since August 1, 2008, shall:

A. provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of Gonzalez and NGI, or owned, controlled, managed, or held by, on behalf of, or for the benefit of Gonzalez and NGI: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Gonzalez and NGI, or is otherwise subject to access by Gonzalez and any other person on behalf of NGI; and

B. upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Plaintiff may continue with expedited discovery.

## VI. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and UPS, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Gonzalez and NGI, or that may be subject to any provision of this Order. Susan Gradman, Camille Arnold, Brigitte Weyls and Judith McCorkle, all employees of the Commission, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## VII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Gonzalez and NGI shall serve all pleadings, correspondence, and notices required by this Order, and other materials on the Plaintiff Commission by delivering a copy to Camille Arnold and Brigitte Weyls, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe Street, Suite 1100, Chicago, Illinois 60661.

## VIII. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## IX. STATUTORY RESTRAINING ORDER SUPERSEDED

**IT IS FURTHER ORDERED** that this Preliminary Injunction supersedes the Statutory Restraining Order entered by the Court on May 21, 2010.

## X. FURTHER COURT HEARINGS

~~**IT IS FURTHER ORDERED** that this matter is set for a status hearing on ______________________________.~~

Dated: June 14 2010

CONSENT TO AND APPROVED BY:

______________________________
Ruben Gonzalez, individually, and on behalf of
New Golden Investment Group, LLC a.k.a, NGI Group, LLC, a.k.a., New Golden Management, a.k.a., New Golden Entertainment, LLC, a.k.a. Grupo NGI International, Inc., a.k.a., NGI Group International, Inc.

______________________________
Camille Arnold, carnold@cftc.gov

Brigitte Weyls, bweyls@cftc.gov
Susan Gradman, sgradman@cftc.gov
One of the Attorneys for the
United States Commodity Futures Trading Commission
525 West Monroe, Suite 1100
Chicago, Illinois 60661
T: (312) 596-0700
F: (312) 596-0714

**IT IS SO ORDERED.**

Dated: 06-14-2010

UNITED STATES DISTRICT JUDGE